IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STARK LIGON                                                                          PLAINTIFF

V.                                      CASE  NO.4:18-CV-325-KGB

TERESA LYNETTE BLOODMAN                                            DEFENDANT

### DEFENDANT'S BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO REMAND

COMES NOW, Defendant, Teresa Defendant, pro se, and for her brief in support of opposition to motion to remand, states:

### INTRODUCTION

On March 21, 2016, Petitioner summarily suspended Defendant's law license without affording  her a hearing, or giving her an opportunity to be heard, with no findings of facts or conclusions of law of any Rule violations and recommended to initiate the filing of a petition for disbarment. **(Exhibit 1)**  The court is without jurisdiction to hear or proceed with a disbarment. Notwithstanding that fact, on April 1, 2016, Plaintiff filed a Petition for Disbarment and subsequently amended the petition four times.  Defendant filed motions to dismiss based on lack of jurisdiction and constitutional violations. The last order denying the motions to dismiss was entered March 23, 2018. **(Exhibit 2)**

Subsequent motions were filed March 1, 2017.  On April 30, 2018, a hearing was held on pending motions. It was not until May 14, 2018, that orders were entered reference the motions **(Exhibits 3, 4)**   It is from those orders on May 5, 2018, Defendant filed a notice of removal.  In the interim, **o**n May 14, 2018, the plaintiff called the defendant to the witness stand – without subpoena- in an attempt to harass and deny her constitutional right against self incrimination.

1

Interestingly, the plaintiff refrains from denying the illegal and equal protection violations in which he subjected Defendant in a courtroom at the Arkansas Supreme Court on May 14, 2018.

Notwithstanding that fact the judge and the plaintiff and judge continued their rant of equal protection violations and discriminatory actions against the defendant in which further created an atmosphere in which the defendant cannot receive a fair trial in state court. In an effort to cure his deficiency, plaintiff hurriedly created a subpoena for the police to serve defendant. **(Exhibit 5)**  Plaintiff– in the courtroom – handed the subpoena to the police and told him to serve it on the defendant. The police at the direction of plaintiff detained defendant while he completed filling out papers before serving the defective subpoena on defendant.  Plaintiff in concert with the judge directed the court police to direct defendant to be unlawfully detained in a courtroom – after the court proceedings had concluded - after the court had gone off the record - in order for the police to serve defendant with a subpoena that was given to him by plaintiff. Plaintiff violated state law and the Ark. R. Civ. P. 45 –Subpoena.

Defendant, had a legal right to leave the courtroom, yet the judge unlawfully ordered defendant to be detained so that the police could complete filling out papers to serve a subpoena on defendant.  The judge threatened defendant "there will be consequences" if defendant left the courtroom. Defendant asked what Rule allowed the detention of defendant, and the judge stated that his authority to order defendant detained was based on the "rule of human decency."

The sole purpose of the unlawful detention –arrest- in the courtroom was for the sole purpose of aiding, abetting, and perpetuating the customs of intimidation upon serving a subpoena upon an African-American woman upon a racially discriminatory basis.

 That unlawful detention of defendant was tantamount to an arrest.  The defendant was not free to leave. Plaintiff, acting in his official capacity, knew that their conduct of unlawfully detaining

defendant in a courtroom - after the proceeding had ended -and directing the court police –who

was holstering  a weapon – and raising his voice at defendant in order to serve a defective one

(1) page subpoena on defendant was a deliberate indifference of defendant's freedoms.

Plaintiff, the judge and the police knew their conduct was violating defendant'**s**

constitutional rights.  The unlawful seizure of defendant in a courtroom in the United States of

America is egregious conduct in the twenty first century.

.Defendant states that removal is proper "in accordance with the provisions of 28 U.S.C.

§ 1443" because they "allege violations, by acts done under color of authority, of their rights to

due process and the equal protection of the laws which are secured and guaranteed to them by

the Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 USC 1983,

1985, and 1986, and 18 USC 241 and 242. Defendant further states that she has been denied due

process and equal protection of the law in the State Court, and that she cannot enforce her rights

to due process and equal protection of the law in the State Court. Defendant is unable to obtain a

fair trial in this matter in state court.

## ARGUMENT

## I.  A STATE DISBARMENT ACTION IS REMOVABLE UNDER 28 U.S. Code § 1443.

A.  Standard.   A defendant may remove a case to the federal district court in the division

embracing the place where such action is pending in state court if the district court has original

jurisdiction over the matter. 28 U.S.C. § 1441(a).  Additionally, "some federal statutes authorize

removal even when no statutory grant of original jurisdiction to the federal courts permits an

identical suit to be commenced there. The civil rights removal statute, 28 U.S.C. § 1443, is one

such statute." 28 U.S.C. § 1443 allows the defendant in certain criminal or civil actions pending

in state court to remove the case to federal court. The statute reads in pertinent part: Any of the

following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. § 1443(1).   To remove a case under 28 U.S.C. § 1443, the removing party must demonstrate that (1) the right allegedly denied him arises under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) that he cannot enforce the federal right in state court. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).   Defendant seeks removal under § 1443(1),  because she cannot seek removal under § 1443(2), which "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).   "Section 1443 expressly authorizes that direct intervention into the instant state court case proceedings, because of the Congressional purpose for ensuring federal forums for making constitutional challenges to state action."

    **B.   The well-pleaded complaint rule does not apply to removals under § 1443**. See, e.g., *Rogers v. Rucker,* 835 F. Supp. 1410, 1412 (N.D. Ga. 1993) (noting that § 1443 is a "statutory exception to the well-pleaded complaint rule."). Therefore, a federal question need not appear on the face of Plaintiff's complaint for the Case to be removable. See id.; *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

### C.  <u>Notice of Removal under 28 U.S.C. § 1443.</u>

Defendant states in the Notice of Removal that she may remove under 28 U.S.C. § 1443 because the State Court has denied the rights guaranteed to her under the "Fifth and Fourteenth Amendments to the United States Constitution, Article III, as well as 42 USC 1983, 1985, and 1986, and 18 USC 241 and 242." She also alleges generally "that she has been denied due process and equal protection of the law." Id.

### D.  <u>Prong 1: (1) To remove a case under 28 U.S.C. § 1443, the removing party must demonstrate that (1) the right allegedly denied him arises under a federal law "providing for specific civil rights stated in terms of racial equality."</u>

The Fifth Amendment of the United States Constitution provides in relevant part that "…No person shall be …deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**42 U.S. Code § 1981 - Equal rights under the law**.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...

The detention and deprivation of defendant's liberty and freedom to leave the courtroom by the plaintiff and judge and police officer was a violation of defendant's equal protection rights.  If the courtroom judge is a party to such deprivation, how then can defendant receive a fair trial in that environment.  The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law. Defendant has "equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..."

Defendant has equal protection under Arkansas Code Annotated - Section 16-81-106 - Warrantless Arrest. She had not committed any public offense in the judge's presence in which order should authorize a liberty deprivation.

Defendant argues that she "fears being arrested and incarcerated by officers of the [State Court] at the direction of Plaintiff and the judge, and that remand may lead to her incarceration, the loss of her freedom, and an inability to enforce her rights with respect to ability to freely stand in a public courtroom.  Defendants assert that the police officer directed to detain defendant was "working in collusion with the Plaintiff, and the State Court attempted to "unlawfully seize" the defendant and issued an "implied threat" to defendant that "there will be consequences". Defendant asserts the State Court judge of being willing to embrace the discriminatory conduct and claim that the judge's decisions are "indicative of the State Court's willingness to participate in the violation of defendant's right to equal protection of law," and that "a reasonable person would likely conclude that the Judge in the State Court is not impartial." Defendant further enumerates the ways in which her rights to equal protection have been violated, and argue that, because "the State Court is denying to her equal rights and equal protection of the law under color of authority," removal is permitted under § 1443.

The other federal statutes on which Defendant relies at least plausibly provides for specific civil rights stated in terms of racial equality, and hence satisfy the first prong of the  § 1443 test is 18 U.S.C. § 242, which explicitly provides for civil rights stated in terms of racial equality. "Whoever, under color of any law . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties . . . by reason of his color, or race [commits a crime]." 18 U.S.C. § 242.  "[T]his provision does use language that

6

describes equal rights in terms of racial equality."). It is unclear whether 42 U.S.C. § 1985(3)4

provides a specific civil right stated in terms of racial equality. *City of Houston*, 2013 WL

1767777, at 3. One circuit has ruled that it does not, while two others have "explained that there

are strong arguments on both sides in terms of jurisprudence and have not reached the issue." Id.

(internal quote and citations omitted). The same ambiguity applies to 42 U.S.C. § 1986, liability

under which is derivative of § 1983, §1985(3). Id; 42 U.S.C. § 1986. The Court can assume

without deciding that both § 1983, §1985(3) and § 1986 describe equal rights in terms of racial

equality, and these grounds for removal under § 1443 satisfy the first prong of the test.

**E. Prong 2: To remove a case under 28 U.S.C. § 1443, the removing party must demonstrate that (2) that he cannot enforce the federal right in state court.**

Defendant can meet the second prong of the § 1443 test, which requires that she

demonstrate that she has been "denied or cannot enforce specified federal rights in the state

courts due to some formal expression of state law." See City of Houston, 2013 WL 1767777, at

*4 (citing Gulf Water Benefaction, 679 F.2d at 86). Defendant makes more than conclusory

assertions that several of her rights were violated and cannot be enforced in the State Court. She

provides factual support for her claims. To that, for instance, the Arkansas laws encompass a

"formal expression of state law" that will deny her or prevent her from enforcing her rights under

18 U.S.C. § 242 or 42 U.S.C. §§ 1985 and 1986. Id. The Defendant relies on Subsection Three of

42 U.S.C. § 1985 because it concerns the deprivation of the equal protection of the laws. If two

or more persons in any State or Territory conspire or go in disguise…, for the purpose of

depriving, either directly or indirectly, any person or class of persons of the equal protection of

the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing

or hindering the constituted authorities of any State or Territory from giving or securing to all

persons within such State or Territory the equal protection of the laws . . . 42 U.S.C. § 1985(3).

The Court can therefore conclude that Defendant has met the burden of demonstrating her right to removal under 28 U.S.C. § 1443.

But the defendant in the present case did not rely solely on these broad constitutional claims in their removal petition. She also made allegations calling into play the Civil Rights Act of 1964. That Act is clearly a law conferring a specific right of racial equality, for in §201(a) it guarantees to all the 'full and equal enjoyment' of the facilities of any place of public accommodation without discrimination on the ground of race. By that language the Act plainly qualifies as a 'law providing for … equal civil rights' within the meaning of 28 U.S.C. 1443(1). Moreover, it is clear that the right relied upon as the basis for removal is a 'right under' a law providing for equal civil rights. The removal petition may fairly be read to allege that the defendant will tried in the state court that denied the defendant due process prior to suspending her license and initiating the filing of disbarment - does not have jurisdiction to hear the matter; based on complaints generated by the plaintiff – reflected in amended petitions covering a 10 year span, in which plaintiff directed persons to write letters asking him questions about the defendant so that he could create complaints; plaintiff prepared affidavits;  plaintiff admitted to removing and replacing court documents filed in the clerk's office – with the assistance of the deputy clerk; and plaintiff issued a defective subpoena, wherein plaintiff and the special judge directed a police officer to illegally detain the defendant in order to serve the subpoena on defendant to testify, while defendant  peacefully attempted to stand freely at a place of public accommodation.

The Civil Rights Act of 1964 endows the defendant with a right not to be prosecuted for such conduct. As noted, § 201(a) guarantees to the defendant the equal access she sought. Section 203 then provides that, 'No person shall …(c) punish or attempt to punish any person for

exercising or attempting to exercise any right or privilege secured by section 201 or 202.' (Emphasis supplied.) 78 Stat. 244. In *Hamm v. City of Rock Hill*, 379 U.S. 306, 311, 85 S.Ct. 384, 13 L.Ed.2d 300, the Court held that this section of the Act 'prohibits prosecution of any person for seeking service in a covered establishment, because of his race or color.' Hence, if the facts alleged in the petition are true, the defendant not only is **immune from prosecution** under the statute, but they have a 'right under' the Civil Rights Act of 1964 not even to be brought to trial on charges in the Arkansas courts.

**1**.  **Equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court.**

In *Gibson v. State of Mississippi*,162 U.S. 565, 581, 16 S.Ct. 904, 40 L.Ed. 1075, the Court thereby gave some indication that removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court. Such a basis for prediction exists in the present case. In the narrow circumstances of this case, any proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964, as construed in *Hamm v. City of Rock Hill*, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, if the allegations of the removal petition are true. The Civil Rights Act of 1964, however, as *Hamm v. City of Rock Hill*,379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, made clear, protects those who refuse to obey such an order not only from conviction in state courts, but from prosecution in those courts. *Hamm* emphasized the precise terms of § 203(c) that prohibit any 'attempt to punish' persons for exercising rights of equality conferred upon them by the Act. The explicit terms of that section compelled the conclusion that 'nonforcible attempts to gain admittance to or remain in establishments covered by the Act, are

9

immunized from prosecution.. 379 U.S., at 311, 85 S.Ct. at 389. The 1964 Act therefore 'substitutes a right for a crime.' 379 U.S., at 314, 85 S.Ct. at 390.

Hence, if as alleged in the present removal petition, the defendant was asked to do something or refrain from doing something solely for racial reasons, then the mere pendency of the prosecutions enables the federal court to make the clear prediction that the defendant will be 'denied or cannot enforce in the courts of (the) State' the right to be free of any 'attempt to punish' her for protected activity. It is no answer in these circumstances that the defendant might eventually prevail in the state court. The burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964 as construed in *Hamm v. City of Rock Hill*, supra. Since the Federal District Court remanded the *Hamm* case without a hearing, the defendants had no opportunity to establish that they were ordered to do something solely for racial reasons. Defendant has a firm prediction she will not be able to receive relief from the Arkansas Supreme Court because the case is in the Arkansas Supreme Court, and the court is the employer/supervisor of the Plaintiff and any appeal will remain in that same court. More, the Arkansas Supreme Court has previously refused to follow federal law, by allowing a suspension of Defendant's state license without affording her due process – which violated the 14th Amendment to the U.S. Constitution – when the court had not previously denied white attorneys the same protections.   Additionally, the Arkansas Supreme Court justices have direct knowledge that a federal lawsuit is pending against them and have subsequently allowed injurious and unconstitutional acts by Plaintiff to continue against Defendant.  Fairness and impartiality are unavailable.  Further, the special judge in the state case has blatantly refused to follow state law and Rules and entered orders reflecting the same, has ordered the defendant be

detained in a courtroom – without a warrant- without the defendant having committed any offense.

Additional conduct has occurred which demonstrate the court is biased and violates Defendant's equal protection due process rights.  Specifically, the court - on the record - has continuously refused to require Plaintiff to follow the state rules of civil procedure which are required of Defendant.  The special judge turns a blind eye and minimizes Plaintiff's removal and replacement of documents filed in the court records – without Court order and with the assistance of the Arkansas Supreme Court deputy clerk.  Plaintiff files non-compliant motions and responses, yet the court has stated he will not follow the state rules of civil procedure related to Ark. R. Civ. P. 7 (b)(2). The judge holds telephone hearings-without a court reporter, and makes rulings. The special judge entered an order for the defendant to be in court after the time had passed.  The special judge entered an order prepared by the plaintiff to continue the matter after the parties appeared in violation of the notice requirement of due-process.  These assertions are clearly indicative that the defendant cannot get a fair trial in state court.  Defendant has suffered injury in fact by the plaintiff and the judge's violating state rules and the equal protections of the defendant.   There is imminent and continuing injury to the defendant by the plaintiff if this case is remanded.  Defendant has sustained injuries-in fact from the conduct of Plaintiff.

The actions of the judiciary and the judiciary's employee, Plaintiff, are egregious and should not be tolerated in any court. Claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c) and § 1443.

The Supreme Court has long recognized that a cause of action can "arise under" federal law, even if it is alleged under state law, when a substantial federal issue is "directly drawn in

question." *Smith v. Kansas City Title Co.,* 255 U.S. 180, 201 (1921). Thus, a "plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257,260 (8th Cir.1996). Here a federal question involving equal protection exists.

Plaintiff is mistaken in his analysis and holding of *Georgia  v. Rachel*, 384 U.S. 780 (1966).  In *Georgia*, the facts involved a petition where the petitioners removed to Federal District Court under 28 U.S.C. Section 1443.  The petition, as here, alleged that the arrests were racially motivated. Under  subsection (1) of Section 1443, which patently provides for removal where the action is against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof… Respondents alleged they were denied and could not enforce in the Georgia courts their rights under federal law. The federal law specifically was the First Amendment and the Due Process Clause of the Fourteenth Amendment.  But the removal petition also alleged facts, as here by Defendant  that stated a claim for removal under the Civil Rights Act of 1964.  The Federal District Court refused to sustain removal, and remanded the cases to the state court, finding the facts alleged insufficient under section 1443.  The court of Appeals, however, reversed on the basis of the 1964 Act as constructed in *Hamm v. City of Rock Hill*, 379 U.S. 306.

In terms of the language of section 1442(1), the Court of Appeals held that, if the allegations in the removal petition were true, prosecution in the state court, under a statue similar to the state statues in Hamm, denied respondents a right under a law (the Civil Rights Act of 1964) providing for equal civil rights.  Hence, the court remanded the case to the District Court with directions that respondents be given an opportunity to prove that their prosecutions resulted

from orders to leave public accommodations "for racial reasons," in which case the District Court, under *Hamm*, would have to dismiss the prosecutions.  Here, the defendant is entitled to a hearing to prove her allegations as true that the judge and Plaintiff's actions against the defendant were "for racial reasons."  If the District Court finds that allegations true, the defendant has a clear right to removal under section 1443(1) and dismissal of the proceedings.

F. **HEARING NECESSARY.**

As in the reversal of *Hamm*, the Court held that the defendant was entitled to a hearing on her allegations for an opportunity to establish that the plaintiff's actions were solely for racial reasons.  The special judge and the plaintiff's actions here, if proven true, make the case right for removal.

II. **THIS COURT HAS FEDERAL QUESTION JURISDICTION.**

Removal is proper because plaintiff's suit involves a federal question.  28 U.S.C. §§1331, 1441(b), 1443; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996); 1443.  Specifically, Defendant 's claim arises under Article III and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Defendant cannot receive valid protection of the rights afforded to her under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution in state court due to the illegal actions and incongruence between the aforementioned constitutional provisions and the state law.  Additionally, Plaintiff is attempting to void the protections of law afforded the defendant under the constitution.  Because the plaintiff's claims arise under the laws of the

United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c) and § 1443.

Defendant alleges that her constitutionally protected equal protection and procedural due process rights were vitiated as without her being afforded procedural due process when she was detained. Therefore, federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Defendant's claims will require adjudication of disputed questions of federal law.  To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts of equal protection violation and procedural due process violation under the Fourteenth Amendment.  Because Defendant's claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c) and 1443.

Defendant cannot receive valid protection of the rights afforded to her under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution in state court due to the illegal actions and incongruence between the aforementioned constitutional provisions and the state law.  The instant action encompasses all matters in the state court actions, but the state court cannot entertain the, inter alia, 42 U.S.C. Section 1983 action at bar. Additionally, the State Court authorities are attempting to void the protections of law afforded Plaintiff under the constitution.  Defendant the laws themselves stated in terms of racial equality. Defendant has a firm prediction she will be prevented from enforcing her 1981 rights in state court as the court has previously disregarded her constitutional rights.

B.  **Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies.**

The U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Defendant is seeking prospective relief against future conduct of plaintiff who caused injury and asserts she faces "a real and immediate threat that she would again suffer similar injury in the future." *Park v. Forest Serv. of the United States,* 205 F.3d 1034, 1037 (8th Cir.2000) (internal quotations and brackets omitted); *see O'Shea v. Littleton,* 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).  Defendant asserts she has legal rights and interests.  *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).  Plaintiff – in the courtroom – handed a subpoena to the police and told him to serve it on Defendant.  The police at the direction of the judge ordered Defendant to wait for the police to serve the 1-page defective subpoena. **(Exhibit 5)** Plaintiff in concert with the judge directed the court police to direct Defendant to be unlawfully detained in a courtroom – after the court had concluded - after the court had gone off the record -in order for the police to serve the Defendant with a subpoena that was given by the Plaintiff.  Defendant had a legal right to leave the courtroom, yet the judge unlawfully ordered Defendant to be detained so that the court police could complete filling out papers to serve a subpoena on the Defendant to appear in court to testify the next day.  Ark. R. Civ. P. 45 requires at least 2 days notice.  Plaintiff with the assistance of the judge violated that state law.  The judge threatened Defendant "there will be consequences" if Defendant left the courtroom.  Defendant asked the judge what Rule allowed her to be detained, and the judge stated that his authority to order the Defendant be detained was based on the "rule of human decency."  Again, a violation of equal protection under the law.

The sole purpose of the unlawful detention –arrest- in the courtroom was for the sole purpose of aiding, abetting, and perpetuating the customs of intimidation upon serving a subpoena upon an African-American woman upon a racially discriminatory basis.

That unlawful detention of Defendant – by the police-as directed by the judge- was an arrest.  Defendant was not free to leave.  Plaintiff acting in his official capacity, knew that their conduct of unlawfully detaining Defendant in a courtroom - after the proceeding had ended -and directing the court police –who was holstering  a weapon – and raising his voice at Defendant in order to serve a defective subpoena on Defendant was a deliberate indifference of Defendant's constitutional rights.  Plaintiff knew his conduct was violating the constitutional. It is painfully clear that Defendant is unable to obtain a fair trial in state court.

## III. DEFENDANT'S REMOVAL IS TIMELY.

This case became removable on May 14, 2018, because of the Orders entered in the state action.  *See* 28 U.S.C. §1446(b); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006).  Defendant filed her notice of removal within 30 days of receipt of the Orders filed in the state action. **(Exhibits 3, 4)**

## IV. THE EIGHTH CIRCUIT CASE LAW DOES NOT MANDATE REMAND OF A DISBARMENT PROCEEDING BACK TO STATE COURT UNDER SECTION 1443.

Plaintiff cites *Neal v. Wilson,* 112 F. 3d (8th Cir. 1997) as a case similar to Defendant's. The cases are clearly distinguishable.  Wilson was convicted of a criminal act. The Arkansas Committee on Professional Conduct notified Wilson that a complaint had been filed against him alleging that his misdemeanor convictions in the federal court constituted a violation of the Model Rules of Professional Conduct.   The Arkansas Committee on Professional Conduct scheduled pre-suspension hearing prior to the filing of a disbarment petition in which Wilson failed to respond either personally or in writing to the merits of the allegations contained in the

16

complaint.  On July 22, 1991, the Committee determined by a unanimous vote that Wilson had

violated the Model Rules, and on October 9, 1991, the Committee filed a disbarment action

against Wilson.  Wilson sought injunctions with his removal.  Wilson filed a counterclaim with

his removal, named the state justices, committee members, and other staff in his removal.

Wilson appealed the trial court's order of summary judgment which disbarred him from the

practice of law in Arkansas.  The facts and the removal arguments are different from the

defendant's.

**V.  <u>CONCLUSION.</u>**

Defendant is entitled to removal pursuant to 28 U.S.C. § 1443 and the Civil Rights Act.

**WHEREFORE,** Defendant respectfully requests that this Court deny the motion to

remand and for any and all other just, fair and proper relief for which she is entitled.

Respectfully submitted,

<u>/s/Teresa Bloodman</u>, #2005055
Pro Se
P.O. Box 13641
Maumelle, AR  72113
(870) 550-1940 Direct
teresabloodman@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I, Teresa Bloodman, pro se, hereby certify that I have electronically filed a correct copy
of the foregoing with the District Court Clerk on this 29th day of May, 2018 using the CM/ECF
system.  Copies will be electronically served using CM/ECF system notification on participants:

Mr. William Byrd
AR Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR  72201
501-682-1317
william.bird@arkansasAG.gov

<u>/s/Teresa Bloodman</u>