**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STARK LIGON, as Executive Director of the**
**Supreme Court Committee on Professional Conduct**                                    **PLAINTIFF**

**v.**                                             **Case No. 4:18-cv-00325-KGB**

**TERESA LYNETTE BLOODMAN**                                                           **DEFENDANT**

<u>**ORDER**</u>

      This matter concerns a petition for disbarment filed by plaintiff Stark Ligon, in his capacity as Executive Director of the Supreme Court Committee on Professional Conduct, against defendant Teresa Lynette Bloodman.  Ms. Bloodman has removed the case to this Court (Dkt. No. 1).  Mr. Ligon has filed a motion to remand (Dkt. No. 5).  Ms. Bloodman has responded (Dkt. No. 9).  Mr. Ligon's counsel, through informal communications with the Court, considers the matter ripe for the Court's determination.  For the following reasons, the Court grants the motion to remand (Dkt. No. 5).

      "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a state law claim to federal court only if the action originally could have been filed there.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  The two well-established sources of original jurisdiction are federal question jurisdiction and traditional diversity jurisdiction.  28 U.S.C. §§ 1331-3; *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992).  Federal courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Federal courts have diversity jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  28 U.S.C.

§ 1332(a) – (b).  The removing defendant bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence.  *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).

All doubts about federal jurisdiction should be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.,* 591 F.3d at 620.  However, a district court has no discretion to remand a claim that states a federal question.  *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir. 1996).  Whether or not a federal question exists is determined by the "well-pleaded complaint rule," which requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction.  *Id.*  28 U.S.C. § 1443 provides a statutory exception to the well-pleaded complaint rule for certain civil rights actions.

The Court finds this case has been improperly removed to this Court.  As an initial matter, Ms. Bloodman's removal was not timely.  Pursuant to 28 U.S.C. § 1446:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446.  This matter commenced on April 1, 2016, in the Arkansas Supreme Court.  Mr. Ligon filed his fourth amended petition for disbarment on September 29, 2017.  Ms. Bloodman filed a motion to dismiss the fourth amended petition on October 19, 2017.  The trial in this matter began on May 14, 2018.  On May 15, 2018, Ms. Bloodman filed her notice of removal, well outside the 30-day window to remove provided by 28 U.S.C. § 1446.  As such, Ms. Bloodman's notice of removal is untimely and remand is appropriate.

Ms. Bloodman contends that removal was timely became this case became removable on May 14, 2018, when the Arkansas Supreme Court entered an order addressing the parties' various motions filed in the state court proceeding (Dkt. No. 10, at 16).  In support of her contention, Ms. Bloodman relies on 28 U.S.C. § 1446(b)(3), which provides that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Ms. Bloodman also relies on a Seventh Circuit Court of Appeals case allowing for removal based on new developments in the case.  *Knudsen v. Liberty Mut. Ins. Co*., 435 F.3d 755, 756-57 (7th Cir. 2006).  In *Knudsen*, the district court allowed for removal based upon the issuance of a court order certifying a collective action that added a new defendant to the case.  *Id*.  For the new defendant, the suit commenced at the time the court issued its order certifying the class, thus allowing the new defendant 30 days to remove the action.  *Id*.  That is not the case here.

The Court has reviewed the May 14, 2018, Order issued by the Arkansas Supreme Court (Dkt. No. 10-4).  The Order rules upon various motions filed by both parties concerning, *inter alia*, discovery, motions for sanctions, and motions for trial dates.  The May 14, 2018, Order does not address newly added claims implicating federal court jurisdiction over this matter, nor does it appear that any defendants have been added to this state bar disbarment proceeding.  Section 1446(b)(3) does not apply to Ms. Bloodman's notice of removal.  The Court concludes that removal was untimely and remand is proper in this case.

Even if Ms. Bloodman had removed timely this action, the Court lacks subject matter jurisdiction over Ms. Bloodman's challenges to the disbarment action.  Federal district courts have jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal

3

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). Affirmative defenses founded upon federal law do not satisfy the well-pleaded complaint rule. *See M. Nahas & Co. v. First Nat'l Bank of Hot Spings,* 930 F.2d 608, 611 (8th Cir. 1991). State disciplinary actions against plaintiffs do not arise under the Constitution, laws, or treaties of the United States. *See e.g. McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006). Ms. Bloodman argues, however, that the civil rights exception to the well-pleaded complaint rule under 28 U.S.C. § 1443 applies in her case.

The exception for removal of certain civil rights actions under § 1443 is narrow. *McCullough,* 430 F. Supp. 2d at 850. There are two broad restrictions upon removal under § 1443. *Neal v. Wilson,* 920 F. Supp. 976, 984 (8th Cir. 1997), *aff'd,* 112 F.3d 351 (8th Cir. 1997). "First, removal is limited to cases involving 'a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof,' and second, the petitioner for removal must show that he 'is denied or cannot enforce [such a right] in the courts of such State.'" *Id.* (quoting *Bar Association of Baltimore City v. Posner,* 391 F. Supp. 76, 79 (D.Md. 1975)); *see also Johnson v. Mississippi,* 421 U.S. 213, 217 (1975).

As to the exception's first requirement, Ms. Bloodman contends that she relies upon the guarantee of her civil rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, her rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, 8 U.S.C. §§ 241 and 242, the Civil Rights Act of 1964, and her "general rights of due process and equal protection of the law" (Dkt. No. 10, at 5, 8, 13). The laws Ms. Bloodman relies upon must, however, be stated in terms of racial equality to qualify for removal. 28 U.S.C. § 1443; *Neal*, 112 F.3d at 355. Claims that prosecution and conviction will violate rights under constitutional or

statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Johnson*, 421 U.S. at 219; *see also Doe v. Berry*, 967 F.2d 1255, 1257-1258 (8th Cir. 1992) (affirming district court's holding that allegations of violations of 42 U.S.C. §§ 1983 and 1985 do not meet the test that the right allegedly being denied is a law providing for specific civil rights stated in terms of racial equality).  While the majority of Ms. Bloodman's cited laws do not meet the requirement that the laws themselves be stated in terms of racial equality, her claims under the Civil Rights Act of 1964 and 42 U.S.C. § 1981 may qualify for removal. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 825 (1966) ("[w]e may proceed here on the premise that . . . 42 U.S.C.  § 1981 [ ]  qualif[ies] under the statutory definition"); *State of Georgia v. Rachel*, 384 U.S. 780, 792-93 (1966) (allowing the Civil Rights Act of 1964 to serve as a basis for removal under the particular facts of the case).

However, Ms. Bloodman has not met the exception's second requirement because she fails to point to any state law or other equally firm prediction that indicates she will be prevented from enforcing her rights in state court. *See Johnson*, 421 U.S. at 219 (1975); *Neal,* 112 F.3d at 355. "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Rachel*, 384 U.S. at 800.  Removal may further be justified, even in the absence of a discriminatory state enactment, "if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court.'" *Id*., at 804 (quoting *Gibson v. State of Mississippi*, 162 U.S. 565, 581 (1896)).

Ms. Bloodman states that she "has a firm prediction she will not be able to receive relief from the Arkansas Supreme Court because the case is in the Arkansas Supreme Court, and the court is the employer/supervisor" of Mr. Ligon (Dkt. No. 10, at 10).  Ms. Bloodman contends that

the Arkansas Supreme Court has previously refused to follow federal law by allowing a suspension

of her law license without due process of law, that the judge in the state case has refused to follow

state law and rules of civil procedure, and that the state court judge ordered Ms. Bloodman detained

in the courtroom without a warrant based upon discriminatory bias and in violation of her

constitutional rights (*Id.*, at 10-11).  Ms. Bloodman further contends that she cannot receive valid

protection of the rights afforded to her under the United States Constitution "due to the illegal

actions and incongruence between the aforementioned constitutional provisions and the state law."

(Dkt. No. 1, at 5).

The mere allegation of racial discrimination does not allow a federal district court to

consider otherwise unremovable actions.  *See City of Greenwood,* 384 U.S. at 827.  Further, under

§ 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the

rare situations where it can be clearly predicted by reason of the operation of a pervasive and

explicit state or federal law that those rights will inevitably be denied by the very act of bringing

the defendant to trial in the state court.  *Berry*, 967 F.2d at 1257-1258.  A defendant's contention

that she will be denied a fair trial in state court is not a sufficient ground for removal.  *Id.*, at 1257.

Ms. Bloodman has not shown that there is a state law preventing her from raising her federal claims

in state court, nor has she shown the basis for an "equally firm prediction" that she will be unable

to protect her federal rights in state court.  If the Arkansas state courts do not respect and enforce

her federal rights, Ms. Bloodman's proper course of action is to seek direct review in the United

States Supreme Court.  *Neal*, 112 F. 3d at 355 (citing *Berry*, 967 F.2d at 1258 ("The issues involved

. . . can be decided in the state courts, which have equal responsibility for ruling on federal

constitutional issues.  [The defendant] may then seek review of any adverse rulings in the United

States Supreme Court.").

For all of these reasons, the Court finds this case has been improperly removed to this Court.  The Court grants Mr. Ligon's motion and remands this action for lack of subject matter jurisdiction (Dkt. No. 5).  The Court directs the Clerk of Court to remand immediately this action to the Arkansas Supreme Court.

So ordered this the 4th day of June, 2018.

_____
Kristine G. Baker
United States District Judge